IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| PERDUE FARMS INC., <br>  31149 Old Ocean City Road <br>  Salisbury, MD 21804 <br><br>       Plaintiff, <br><br>   v. <br><br> FIFTH STREET COLD STORAGE, INC., <br> f/k/a POCONO PRODUCE CO. INC., <br> d/b/a POCONO PROFOODS, <br>   Serve: The Corporation Trust, Inc. <br>       2405 York Road, Suite 201 <br>       Lutherville Timonium, MD 21093, <br><br>       Defendant. | Case No. _____ |

**COMPLAINT TO RECOVER AMOUNTS OWED FOR
BREACH OF CONTRACT, UNJUST ENRICHMENT, AND ACCOUNT STATED**

Plaintiff Perdue Farms Inc. ("Perdue" or "Plaintiff"), by its undersigned counsel, Cole Schotz P.C., files this Complaint against Fifth Street Cold Storage, Inc., formerly known as Pocono Produce Co., Inc., doing business as Pocono ProFoods, and, in support whereof, alleges and states as follows:

**The Parties**

1. Perdue is a corporation organized under the laws of the State of Maryland, with its principal place of business located at 31149 Old Ocean City Road, Salisbury, Maryland 21804.

2. Pocono ProFoods is the registered trade name of Defendant Fifth Street Cold Storage, Inc., a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at RTE. 191 and Chipperfield Dr., Stroudsburg, Pennsylvania 18360.

3. Prior to February 22, 2021, Fifth Street Cold Storage, Inc. was known as Pocono Produce Co., Inc.

4. At all times relevant to this action, Defendant and its predecessor transacted business with Plaintiff as Pocono ProFoods, without regard to the name of the underlying entity.

5. For purposes of this Complaint, Defendant and any other entities previously transacting business with Perdue under the registered trade name of "Pocono ProFoods" are referred to individually and collectively as "Pocono" or "Defendant."

## Jurisdiction and Venue

6. The Court has subject-matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the $75,000.00 threshold.

7. This court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Md. Code Ann., Cts. & Jud. Proc. § 6-103.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), and (c)(2).

## Factual Background

9. Perdue is a family-owned company that was founded in 1920 and has operated in the agriculture and food-supply industries ever since. One aspect, among many others, of Perdue's business includes raising, processing, and selling poultry and other products from its many locations across the eastern United States.

10. For a number of years, Perdue has provided certain poultry products to Pocono, whereby Pocono placed a purchase order online with Perdue specifying the type and quantity of poultry products requested, and Perdue generated and submitted to Pocono an invoice for each

purchase order. Each invoice provided to Pocono is substantially identical in form to the sample invoice attached hereto as **Exhibit A**, except for the product specified and amount owed, which vary by purchase order.

11. Each invoice sent to Pocono expressly incorporated in conspicuous type the terms and conditions located at www.perduefoodsterms.com (the "Terms and Conditions"), a true and accurate copy of which is attached hereto as **Exhibit B**.

12. The Terms and Conditions require Pocono to give written notice to Perdue of a dispute concerning the accuracy of any invoice within five (5) days of the date of receipt. Exhibit B, ¶ 5.

13. Pocono never provided notice under the Terms or Conditions, or otherwise disputed any invoice provided by Perdue, and has therefore waived its right to do so. See id.

14. Pursuant to the Terms and Conditions, Pocono is also required to pay any charges, including attorneys' fees, incurred by Perdue in enforcing its right to payment. Id., ¶¶ 7 and 19. Furthermore, Perdue is entitled to recover the maximum interest allowable by law on all non-conforming (i.e., late) payments made by Pocono. Id., ¶ 4.

15. Each invoice provided to Pocono included the following payment terms, to which Pocono has historically adhered:

> **Invoice terms:**
> Net 21 Days
> Payment Due No Later Than xx/xx/xxxx

16. As of the date of this Complaint, Pocono has failed to remit payment to Perdue in exchange for all poultry products ordered by Pocono between January 19, 2021 and February 18, 2021, with 7 outstanding and past-due invoices totaling $125,443.34. The outstanding and past-

due invoices are detailed on a Statement of Account generated as of April 30, 2021 and attached hereto as **Exhibit C**.

17. Perdue has fulfilled all of its obligations under the purchase orders placed by Pocono and the invoices generated therefor, including arranging for timely delivery.

18. Pocono accepted delivery of the goods in question, but has failed to remit full, or even partial, payment for them.

### Demand for Payment

19. In March 2021, Plaintiff and counsel for Plaintiff corresponded by email and telephone with counsel for Defendant, requesting payment of the amounts past due. Plaintiff's counsel also attempted to obtain information from Pocono's counsel regarding what Pocono intended to do with respect to paying its creditors after selling substantially all of its assets and, upon information and belief, ceasing most of its business operations.

20. As of the date of this Complaint, Defendant has neither remitted payment for the past-due amounts nor provided the requested financial information, nor proposed a payment plan.

21. Accordingly, Plaintiff now files this Complaint seeking a judgment against Defendant for amounts past-due and owing, as well as for reasonable attorneys' fees and costs incurred in connection with pursing collection of the amounts owed.

### FIRST CAUSE OF ACTION
(Breach of Contract—Amounts Past Due)

22. Perdue repeats, realleges, and restates all allegations contained in each of the foregoing paragraphs, as though fully set forth here.

23. Each unpaid purchase order and corresponding invoice discussed above constitutes a valid, enforceable contract for the sale of goods, properly consisting of an offer and acceptance

(the purchase order and invoice) and agreed-upon consideration (the invoice price), the terms of which are expressly identified at the bottom of each invoice, reproduced here as Exhibit B.

24. Perdue has performed all actions required by these contracts and has fulfilled all of its obligations thereunder, including arranging for timely delivery to Pocono of the goods in question.

25. Pocono accepted delivery of such goods but has not remitted payment for them.

26. Pursuant to the contracts' terms, Pocono owes Perdue $125,443.34 in connection with the 7 outstanding and past-due invoices documented on Exhibit C.

27. Pocono has failed or refused to pay Perdue the amounts outstanding and past due under each of the aforementioned contracts, which constitutes a material breach of each such contract.

28. As a direct and proximate result of Pocono's breach of contract, Perdue has suffered damages in an amount not less $125,443.34, plus interest, attorneys' fees and costs incurred by Perdue in pursuing collection of the amounts owed.

## SECOND CAUSE OF ACTION
(Unjust Enrichment)

29. Perdue repeats, realleges, and restates all allegations contained in each of the foregoing paragraphs, as though fully set forth here.

30. Pocono placed orders for the purchase of valuable goods from Perdue.

31. Perdue arranged for delivery to Pocono of the goods in question.

32. Pocono accepted delivery of the goods in question.

33. Pocono knew that the goods delivered by Perdue had reasonable value.

34. Pocono knew that Perdue expected to be paid for the goods provided.

35. Pocono has failed or refused to pay Perdue for the valuable goods provided.

36. By virtue of its failure to pay for the goods provided by Perdue, Pocono has been unjustly enriched in the amount of $125,443.34.

37. As a direct and proximate result of Pocono's actions, Perdue has suffered damages in an amount not less than $125,443.34, plus interest, attorneys' fees and costs incurred by Perdue in pursuing collection of the amounts owed.

### THIRD CAUSE OF ACTION
(Account Stated)

38. Perdue repeats, realleges, and restates all allegations contained in each of the foregoing paragraphs, as though fully set forth here.

39. Pocono placed orders for the purchase of valuable goods from Perdue.

40. Perdue arranged for delivery to Pocono of the goods in question.

41. Pocono accepted delivery of the goods in question.

42. Perdue regularly presented its invoices to Pocono, which Pocono retained without objection.

43. As a result of Pocono's retention of Perdue's invoices without objection, an account stated exists between Perdue and Pocono.

44. Pocono has failed and refused to pay any part of the account stated.

45. As a direct and proximate result of Pocono's failure to pay the account stated, Perdue has been damaged in an amount not less than $125,443.34, plus interest, attorneys' fees and costs incurred by Perdue in pursuing collection of the amounts owed.

**WHEREFORE**, Perdue demands judgment against Pocono as follows:

    (a) in the amount of $125,443.34 for amounts owed, plus interest, attorneys' fees and costs incurred by Perdue in pursuing collection of the amounts owed for the first cause of action;

  (b)  in the amount of $125,443.34, plus interest, attorneys' fees and costs incurred by Perdue in pursuing collection of the amounts owed for the second cause of action;

  (c)  in the amount of $125,443.34, plus interest, attorneys' fees and costs incurred by Perdue in pursuing collection of the amounts owed for the third cause of action;

  (d)  granting all such other and further relief as this Court deems just, necessary, and proper.

Dated: May 3, 2021            COLE SCHOTZ P.C.

                    */s/ H.C. Jones III*
                    Irving E. Walker (Bar No. 00179)
                    H.C. Jones III (Bar No. 20064)
                    COLE SCHOTZ P.C.
                    300 East Lombard Street, Suite 1450
                    Baltimore, Maryland 21202
                    (410) 230-0660
                    (410) 230-0667 (fax)
                    iwalker@coleschotz.com
                    hjones@coleschotz.com